# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 14-1267** (Roane County 13-F-9)

**Jesse W. Nicholas, Defendant Below, Petitioner**

**FILED**

August 31, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jesse W. Nicholas, by counsel Matthew Stonestreet, appeals the Circuit Court of Roane County's November 21, 2014, order sentencing him to a term of incarceration of one to fifteen years. The State of West Virginia, by counsel Laura Young, filed a response. On appeal, petitioner argues that the circuit court erred in admitting evidence in violation of Rule 404(b) of the West Virginia Rules of Evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, a Roane County Grand Jury indicted petitioner on two counts of delivery of a controlled substance and two counts of possession with intent to deliver a controlled substance. These charges stemmed from an incident in which petitioner allegedly sold hydrocodone and oxycodone to a confidential informant ("C.I."). Prior to the jury trial, the State dismissed one count of delivery of a controlled substance and one count of possession with intent to deliver.

The circuit court held a jury trial in August of 2014. In its case-in-chief, the State presented the testimony of two police officers and a C.I. The officers testified that they facilitated a controlled drug buy from petitioner at his home. The C.I. testified that the officers placed a recording device on her body and provided her with a fifty-dollar bill to purchase pills from petitioner. The C.I. explained that an officer drove her to petitioner's residence and that she purchased five "Percocet 10s" from petitioner. Petitioner explained that she did not have any other money or pills on her person prior to making the controlled buy. On cross-examination, petitioner criticized the police department for failing to conduct a search of petitioner's residence to determine that he was in possession of the fifty dollar bill the C.I. used to make the controlled buy or to prove that petitioner was involved in the controlled buy. A bench conference was held to discuss the scope of the State's redirect examination. Based upon the scope of petitioner's

1

cross-examination and theory that the police conducted an insufficient investigation, the circuit court allowed the State to inquire as to why the police did not immediately execute a search warrant on petitioner's residence. Over petitioner's objection, the investigating officer explained that he did not immediately search petitioner's house because the investigation was still ongoing and that a C.I. made another controlled buy from petitioner several days later. Following the close of the State's case-in-chief, petitioner moved for judgment of acquittal arguing that the State failed to prove beyond a reasonable doubt that he was the individual who transferred pills to the C.I. Petitioner elected not to present any evidence. Ultimately, the jury convicted petitioner of one count of possession with intent to deliver a controlled substance. The circuit court sentenced petitioner to a term of incarceration of one to fifteen years for one count of possession with intent to deliver a controlled substance, in accordance with West Virginia Code § 60A-4-401. It is from this sentencing order that petitioner now appeals.

This Court has explained that "'[r]ulings on the admissibility of evidence are largely within a trial court's sound discretion and should not be disturbed unless there has been an abuse of discretion.' *State v. Louk*, 171 W.Va. 639, [643,] 301 S.E.2d 596, 599 (1983)." Syl. Pt. 1, *State v. Kaufman*, 227 W.Va. 537, 711 S.E.2d 607 (2011) (internal citations omitted). With this standard in mind, we turn to petitioner's assignment of error.

Petitioner asserts that the circuit court erred in admitting evidence related to the subsequent controlled buy that occurred approximately one week after the underlying crime in violation of Rule 404(b) of the West Virginia Rules of Evidence. Specifically, petitioner argues that the circuit court failed to properly analyze the evidence pursuant to our holding in syllabus point two of *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994) (holding that "the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence.") . Based on our thorough review of the record on appeal, we find that the circuit court did not err in admitting the evidence of which petitioner complains.

This Court explained in *State v. Crabtree*, 198 W.Va. 620, 482 S.E.2d 605 (1996) that

> '[i]nvited error' is a cardinal rule of appellate review applied to a wide range of conduct. It is a branch of the doctrine of waiver which prevents a party from inducing an inappropriate or erroneous response and then later seeking to profit from that error. The idea of invited error is not to make the evidence admissible but to protect principles underlying notions of judicial economy and integrity by allocating appropriate responsibility for the inducement of error. Having induced an error, a party in a normal case may not at a later stage of the trial use the error to set aside its immediate and adverse consequences.

*Id*. at 627, 482 S.E.2d at 612. Further, "[a]n appellant or plaintiff in error will not be permitted to complain of error in the admission of evidence which he offered or elicited, and this is true even of a defendant in a criminal case." Syl. Pt. 2, *State v. Bowman*, 155 W.Va. 562, 184 S.E.2d 314 (1971).

In this case, the State did not seek to introduce Rule 404(b) evidence of the subsequent controlled buy during its direct examination of the investigating officer. However, during cross-examination, petitioner's counsel attacked the investigating officer's investigation for failing to immediately execute a search warrant and raid petitioner's house to locate the fifty-dollar bill used by the C.I. to purchase pills. "It is fundamental that where the subject matter of a question has been introduced by a defendant on cross-examination, it may properly be covered on redirect." *State v. Haught*, 179 W.Va. 557, 567, 371 S.E.2d 54, 64 (1988). Petitioner's counsel objected to the subject matter of the State's redirect examination. The circuit court limited the scope of the State's redirect examination of the investigating officer.[1] The State solicited testimony to clarify why the police did not immediately execute a search warrant or raid petitioner's residence, which was the subject of petitioner's cross-examination. The witness explained that he was continuing the investigation to make another controlled buy and to protect the C.I. Based upon a thorough review of the record on appeal, we find that petitioner invited the error about which he now complains. *See* Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Handbook on Evidence for West Virginia Lawyers* § 611.02[3](f)(i), at 6:218-19 (4 ed. 2012) (stating that "on re-direct examination, the party calling the witness may obtain such testimony as tends to explain . . . the facts answered in cross-examination[.]"). Accordingly, we find that the officer's testimony did not violate Rule 404(b) and, thus, circuit court did not abuse its discretion in admitting the officer's testimony.

For the foregoing reasons, the circuit court's November 21, 2014, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: August 31, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[1]Petitioner filed a motion for a new trial arguing that the State failed to produce sufficient evidence to sustain a conviction.